Arthur T. Miller, Willia V. Miller v. Commissioner.
Miller v. Commissioner
Docket No. 30020.
United States Tax Court
1951 Tax Ct. Memo LEXIS 84; 10 T.C.M. (CCH) 930; T.C.M. (RIA) 51288; September 28, 1951
*84 A railway mail clerk, who from personal choice, resided at a point distant from his principal place of employment, is not entitled to deduct as traveling expenses under section 23 (a) (1) (A) the cost of his personal living expenses consisting of meals and lodging at his principal place of employment. Arthur T. Miller, pro se. W. B. Riley, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion RICE, Judge: This case involves an income tax deficiency for 1947 in the amount of $120.08. The issues presented are whether respondent erred: (1) in increasing the amount of Arthur T. Miller's salary and withholding tax for the taxable year; (2) in disallowing a deduction of $501.00 claimed for expenses of meals and lodging *85 while away from home in the pursuit of a trade or business; and (3) in disallowing miscellaneous deductions in the amount of $68.61 representing alleged telephone and supply expenses in connection with Arthur T. Miller's trade or business. Findings of Fact Petitioners are husband and wife. They have resided in Little Rock, Arkansas, since 1906. For the calendar year 1947, they filed a joint income tax return with the collector of internal revenue for the district of Arkansas. Arthur T. Miller, hereinafter referred to as petitioner, is and for many years has been a clerk in the employ of the Railway Mail Service of the Post Office Department. During 1947 petitioner was assigned to duty in trains running between Memphis, Tennessee, and Little Rock, Arkansas. The schedules for these trains were approximately as follows: Train No. 45
Leave Memphis
8:30 a.m.
Arrive Little Rock
11:05 a.m.
Train No. 50
Leave Little Rock
3:20 p.m.
Arrive Memphis
7:05 p.m.
Prior to November 16, 1947, petitioner commenced his tour of duty at little Rock at 3:20 p.m. in Rock Island train No. 50, spent the night in Memphis, returned to Little Rock the next morning in Rock *86 Island train No. 45, and finished his tour of duty on arrival at Little Rock at 11:05 a.m. By order dated November 14, 1947, effective November 16, 1947, the Railway Mail Service discontinued Sunday RPO service in trains 45 and 50 and provided for closed pouch service. Railway mail clerks were ordered to commence a series of six trips at Memphis in train No. 45 on Monday and finish in Memphis in train No. 50 on Saturday. In or about 1935, the Railway Mail Service designated Memphis as petitioner's terminal post of duty. Memphis continued to be petitioner's terminal post of duty throughout the taxable year; and his expense allowance, his salary, and the amount of time he put in were computed as though he lived in Memphis. Petitioner was allowed to continue to live in Little Rock as a matter of convenience to him regardless of the fact that his post of duty was Memphis. The order of November 14, 1947, did not affect petitioner's terminal post of duty; it changed the starting point of his tour of duty from Little Rock to Memphis. After the change, petitioner had to "deadhead" from Little Rock to Memphis in order to start his tour of duty. The train schedules between Memphis and Little *87 Rock during the taxable year were such that had petitioner resided in Memphis, he would have been able to spend each night at home. Due to his continued residence in Little Rock, petitioner secured overnight lodgings and dinners in Memphis when on tours of duty. On his income tax return for 1947, petitioner claimed the following sums as traveling expenses while away from home in the pursuit of a trade or business: Room
167 days at $1.50 per day
$250.50
Dinner
167 days at $1.50 per day
250.50
During the year 1947, petitioner received a travel allowance from his employer in an undisclosed sum. The amount of the travel allowance was based upon the time his employment required him to be away from his terminal post of duty in Memphis. On his tax return for 1947, petitioner claimed two additional deductions as expenses in connection with his work; viz.: Supplies for work - $8.85, and Telephone - $59.76. Petitioner failed to testify or offer any evidence respecting these two deductions. On his 1947 income tax return, petitioner reported his salary and income tax withheld thereon as $3,478.47 and $407.80, respectively. His salary and the income tax withheld thereon *88 for the taxable year 1947 were $3,524.08 and $416.30, respectively, as determined by the respondent. Petitioner reported no amount as income received from his employer representing reimbursement for travel expenses, nor did he reduce the deduction claimed for lodgings and meals by any sum representing such reimbursement for traveling expenses. In determining the deficiency, the respondent disallowed the $501.00 deduction claimed for room and dinners, the $8.85 deduction claimed for supplies for work, and the $59.76 deduction claimed for telephone. Opinion Section 23 (a) (1) (A) of the Internal Revenue Code authorizes a taxpayer to deduct trade or business expenses in computing his net income. Among the expenses that Congress specifically allowed, as deductible trade or business expense items, are "* * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *." The deduction allowed by section 23 (a) (1) (A) does not, however, cover personal, living, or family expenses which are specifically made nondeductible by section 24 (a) (1) of the Code. In Commissioner v. Flowers, 326 U.S. 465 (1946), *89 the Supreme Court stated that three conditions must be satisfied before a traveling expense may be deducted under section 23 (a) (1) (A), namely: "(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. "(2) The expense must be incurred 'while away from home.' "(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade." The Supreme Court further pointed out that whether particular expenditures fulfilled these three conditions so as to entitle the taxpayer to a deduction is purely a question of fact in most instances. The facts here show that the expenditures were for meals and lodging in Memphis, that petitioner lived in Little Rock, that his post of duty was Memphis, that had he lived in Memphis the above expenditures would have been unnecessary, that *90 his work schedule throughout most of the taxable year was arranged for his convenience because he resided in Little Rock, that the Railway Mail Service, while willing to accommodate petitioner in his preference for a place to live, nevertheless, computed his time, his salary, and his travel expense upon a scheduled departure from Memphis in the morning and a return to Memphis each evening, and that although petitioner's work schedule was changed effective November 16, 1947, so that his tour of duty started from Memphis, he still continued, as a matter of personal choice, to reside in Little Rock. Under these circumstances petitioner cannot say that his lay-over expenses in Memphis had any direct connection with carrying on the postal railway business. He made the expenditures for meals and lodgings in Memphis so that he could continue to maintain his place of abode or residence in Little Rock. Obviously, petitioner's meals and lodging on his lay-over nights in Memphis were neither necessary nor appropriate to the development or the pursuit of any trade or business of his employer. He preferred to stay 167 nights in Memphis during the taxable year rather than move from Little Rock *91 to Memphis where he could have spent each night at his place of abode. This election was a personal choice of the petitioner; the expense was a personal living expense, and had no direct connection with carrying on the business of his employer, the Railway Mail Service of the Post Office Department. In reaching our conclusion, we have avoided discussion of the statutory expression "away from home" in an effort to explain sympathetically to the petitioner why the deduction can not be allowed. There is, however, ample authority for the proposition that "'away from home' means place of business, employment, or the post or station at which he is employed." See Walter M. Priddy, 43 B.T.A. 18, 31 (1940), and cases there cited; Grover Tyler, 13 T.C. 186 (1949); and Beatrice H. Albert, 13 T.C. 129 (1949). It is the function of Congress to determine what deductions shall be allowed a taxpayer in computing his taxable net income. This Court has no such authority. The parties are agreed, and we have found as a fact the amount of petitioner's salary and the amount of tax withheld for the taxable year. On the remaining issue, relating to deductions *92 for telephone and supplies, petitioner failed to testify or offer other evidence in support of his allegation that respondent erred in disallowing the deductions. In the absence of proof showing that respondent erred, we must sustain his determination. Decision will be entered for the respondent.